DEHRING v NORTHERN MICHIGAN EXPLORATION COMPANY, INC (AFTER REMAND)

Docket No. 50111. Submitted December 11, 1980, at Detroit.—Decided February 19, 1982.

Plaintiffs, Alfred Dehring, Celia M. Smigelski, Harry Dehring, Raymond Dehring and Virginia Veto, owners of a parcel of land as tenants in common, executed a lease granting Northern Michigan Exploration Company, Inc., the right to explore for and produce oil and gas on the property. Subsequently, the plaintiffs brought an action against Northern Michigan Exploration to rescind the lease, based on fraud, in Presque Isle Circuit Court. The circuit court, Joseph P. Swallow, J., granted the defendant's motion for a directed verdict. The plaintiffs appealed. The Court of Appeals remanded the case for further findings of fact regarding the elements of fraud. *Dehring v Northern Michigan Exploration Co*, 104 Mich App 300; 304 NW2d 560 (1981). On remand, the trial court found that the defendant's agent did not make any material representations to the plaintiffs that were false and that any representations that were false regarding Alfred Dehring's not signing the lease were not relied upon by the plaintiffs. *Now held:*

The plaintiffs' action must fail since they have not proved the requisite elements of fraud. The credibility of the witnesses was critical to the outcome and such credibility is a question for the trier of fact.

Affirmed.

APPEAL — FINDINGS OF FACT.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed, giving regard to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it.

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 966.

*Larry R. Farmer,* for plaintiff.

*Elmer L. Radka,* for defendant.

AFTER REMAND

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

PER CURIAM. In the original appeal of this case we held that the trial court erred in ruling that proof of a pecuniary injury was a necessary element of fraud in an action for rescission, *Dehring v Northern Michigan Exploration Co, Inc,* 104 Mich App 300; 304 NW2d 560 (1981). Accordingly, the case was remanded to the trial court for findings of fact as to the first five elements of fraud. *Id.,* 318.

On remand, the trial court found that the defendant's agent did not make any material representations that were false to plaintiffs, Celia M. Smigelski, Raymond Dehring and Virginia Veto, and further, that any implications that might be construed from defendant's agent's representations concerning Alfred Dehring were not relied upon by the plaintiffs.

Having failed to prove the requisite elements of fraud, plaintiffs' action must fail. Upon a review of the evidence, we cannot say that we would have reached a contrary result. As noted in our earlier opinion, credibility of the witnesses was critical to the outcome and was necessarily a question for the trier of fact.

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.